UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RONALD MALLAY,

                Petitioner,

        v.

WARDEN V. MOSER,

                Respondent.

**MEMORANDUM & ORDER**
21-CV-02659 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Defendant Ronald Mallay was convicted in this District, following a jury trial, of racketeering, conspiracy to commit racketeering, murder in aid of racketeering, conspiracy to commit murder in aid of racketeering, murder for hire, conspiracy to commit murder for hire, mail fraud, conspiracy to commit mail fraud, and conspiracy to commit money laundering. *United States v. James*, 712 F.3d 79, 85 (2d Cir. 2013). He was sentenced to life in prison by Judge Sterling Johnson, who previously presided over his case. *Id.*

    In December 2021, Judge Johnson denied a motion that Defendant had filed, pursuant to 28 U.S.C. § 2255, to vacate his convictions, and the Second Circuit dismissed Defendant's appeal of that denial. *Mallay v. United States*, No. 02-cr-778, 2021 WL 5834387 (E.D.N.Y. Dec. 9, 2021), *appeal dismissed*, No. 21-3139-cv, 2022 WL 18144104, at *1 (2d Cir. Nov. 11, 2022). While Defendant's motion to vacate had been pending in this District, Defendant filed a petition for habeas corpus, purportedly pursuant to 28 U.S.C. § 2241, in the U.S. District Court for the Middle District of Pennsylvania, because he was incarcerated in Pennsylvania. ECF No. 1.[1]

---

[1]     Unless otherwise indicated, all citations in this order to "ECF No." refer to the electronic docket entries in *Mallay v. Moser*, No. 21-cv-2659 (E.D.N.Y. filed May 11, 2021).

That court transferred Defendant's habeas petition to this District, but Judge Johnson's decision on Defendant's motion to vacate did not address the habeas petition. For the reasons set forth below, the Court construes Defendant's Section 2241 habeas petition as a motion to amend his earlier Section 2255 motion to vacate his conviction, denies the amendment as futile, and therefore dismisses the petition.

## **PROCEDURAL HISTORY**

Defendant's motion to vacate his conviction was filed in June 2017 and raised numerous arguments. *Mallay v. United States*, No. 02-cr-778 (E.D.N.Y. filed June 19, 2017) (ECF No. 725). His principal argument—and his basis for filing a motion that would otherwise have been barred by the one-year statute of limitations in 28 U.S.C. § 2255(f)—was that the U.S. Supreme Court's decision in *RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325 (2016), created a new rule for interpreting whether the Racketeer Influenced and Corrupt Organizations Act ("RICO") applies extraterritorially. *Mallay*, 2021 WL 5834387, at *5. Since some of the charges against Defendant were related to murders that occurred in Guyana, Defendant argued that the United States did not have jurisdiction to bring those charges. *Id.* at *4.

Defendant's initial motion to vacate his conviction did not raise any venue challenges. But Defendant included a venue challenge in the habeas petition that he filed in the Middle District of Pennsylvania, purportedly pursuant to 28 U.S.C. § 2241. ECF No. 1. Defendant filed that petition in May 2021, while his motion to vacate was still pending before Judge Johnson. *Id.* Defendant's Section 2241 petition argued that charging him in this District with murder for hire and murder in aid of racketeering, based on murders that occurred in Guyana, violated Article III, Section 2, Clause 3 of the Constitution, which states:

> The Trial of all Crimes, except in Cases of Impeachment, shall be
> by Jury; and such Trial shall be held in the State where the said

2

> Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed.

*See* ECF No. 1 at 1. Defendant further argued that bringing those charges in this District violated the statutory venue rules in 18 U.S.C. § 3235, which applies to offenses punishable by death, and 18 U.S.C. § 3236, which applies "[i]n all cases of murder or manslaughter." *See* ECF No. 1 at 1–2. Defendant also reiterated some arguments related to extraterritorial jurisdiction, which he had already raised in his Section 2255 motion to vacate his conviction, citing *RJR Nabisco* and other, earlier Supreme Court cases. *Id.* at 3–4. The Middle District of Pennsylvania transferred Defendant's purported Section 2241 petition to this District the day after it was filed. ECF No. 4. The magistrate judge who entered the transfer order noted that Defendant's petition was "procedurally problematic" but decided that transfer was preferable to dismissal because Defendant was challenging the basis for his conviction, rather than the manner in which his sentence was being executed, and the judge wanted this District to be able fully to consider that challenge. *Id.* at 2, 7.

Judge Johnson denied Defendant's Section 2255 motion in December 2021, holding that Defendant's RICO convictions related to murders that occurred in Guyana were based on conduct that Defendant committed in the United States in furtherance of those murders. *Mallay*, 2021 WL 5834387, at *6–7. He also rejected Defendant's remaining arguments—none of which are relevant to Defendant's Section 2241 petition—that many of the charges were filed outside the applicable statutes of limitations, that bringing time-barred charges amounted to prosecutorial misconduct, and that Defendant's trial and appellate counsel were ineffective. *Id.* at *7–9. Judge Johnson's decision did not mention Defendant's Section 2241 petition or the venue challenges made in the petition.

3

## **DISCUSSION**

As further set forth below, a Section 2241 petition for habeas corpus is not the proper vehicle for the relief Defendant seeks because he is attacking the validity of his conviction rather than the execution of his sentence. The Court therefore construes Defendant's Section 2241 petition as a Section 2255 motion to vacate his conviction. Furthermore, although this would be Defendant's second Section 2255 motion, it is not an improper "second or successive" motion prohibited by 28 U.S.C. § 2255(h), and the Court instead treats it as a request to amend Defendant's earlier Section 2255 motion. However, the Court rejects the proposed amendment because the only new arguments in the petition—*i.e.*, Defendant's venue challenges—are futile due to Defendant's procedural default by not raising a venue challenge in his direct appeal.

**I.    Defendant's Section 2241 Petition for Habeas Corpus Is Construed as a Section 2255 Motion to Vacate His Conviction**

A motion to vacate under Section 2255 is the exclusive remedy for a defendant to bring a collateral challenge to a federal conviction, meaning that a habeas petition under Section 2241 is ordinarily not available. 28 U.S.C. § 2255(e); *see Dhinsa v. Krueger*, 917 F.3d 70, 80–81 (2d Cir. 2019) (construing habeas petition purportedly filed pursuant to Section 2241 as a second motion to vacate under Section 2255). Accordingly, a defendant in custody pursuant to a federal court sentence may ordinarily use a Section 2241 habeas petition only to challenge "the *execution* of a sentence, including challenges to disciplinary actions, prison conditions, or parole decisions." *Dhinsa*, 917 F.3d at 81.[2] Challenges to "the basis for imposing a sentence" must be made by a motion to vacate pursuant to Section 2255. *Id.* at 80–81.

---

[2]    Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

A limited exception to this rule allows a federal prisoner to file a Section 2241 habeas petition if a Section 2255 motion to vacate his conviction would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Second Circuit has interpreted this exception "to authorize a § 2241 petition only when § 2255 is unavailable and the petition is filed by an individual who (1) can prove actual innocence on the existing record, and (2) could not have effectively raised his claim of innocence at an earlier time, perhaps due to an intervening change in the governing interpretation of the statute of conviction." *Dhinsa*, 917 F.3d at 81.

Defendant's petition attacks his conviction rather than the execution of his sentence and does not make any claims of actual innocence. *See* ECF No. 1. Instead, he asserts only jurisdictional and venue challenges to some of the charges for which he was convicted. *See id.* Since Defendant therefore does not meet the criteria to file a Section 2241 petition, the Court's options are to dismiss the petition for lack of jurisdiction or to "recast [it] as a § 2255 motion." *Candela v. United States*, No. 16-cv-291, 2021 WL 512458, at *3 (E.D.N.Y. Feb. 11, 2021) (citing *Adams v. United States*, 372 F.3d 132, 136 (2d Cir. 2004)); *see also Washington v. Warden MDC Brooklyn*, No. 19-cv-4141, 2020 WL 473615, at *1 (E.D.N.Y. Jan. 29, 2020) ("convert[ing]" Section 2241 petition to Section 2255 motion because "petitioner's challenge is not to the execution of his sentence by prison officials, but rather to this court's imposition of his sentence").

II. **Defendant's Petition Is Not an Improper Second Section 2255 Motion But Instead a Motion to Amend His Earlier Section 2255 Motion**

The appropriate procedure in this instance is to treat Defendant's Section 2241 petition as a Section 2255 motion—and, more specifically, a motion to amend his earlier-filed Section 2255 motion. Section 2255 ordinarily allows a federal prisoner to make only one Section 2255 motion

5

and prohibits "[a] second or successive motion" unless the defendant has first received permission from the Second Circuit, which Defendant never sought.  28 U.S.C. § 2255(h).  A second-in-time Section 2255 motion is not, however, considered to be "second or successive," as that term is used in the statute, if at the time a defendant filed the second motion, the defendant still had a prior Section 2255 motion pending.  *United States v. Rodriguez*, No. 94-cr-313, 2020 WL 1878112, at *4 (S.D.N.Y. Apr. 15, 2020) (citing *Ching v. United States*, 298 F.3d 174, 175 (2d Cir. 2002)).  In those circumstances, the Second Circuit has instructed courts to treat the second Section 2255 motion as a motion to amend the first Section 2255 motion.  *Ching*, 298 F.3d at 177–78; *see also Fisher v. Hudson*, 665 F. App'x 59, 62 (2d Cir. 2016) (construing Section 2241 habeas petition as a Section 2255 motion, transferring the motion to the district court where an earlier-filed Section 2255 motion was pending, and instructing the district court to "construe" the Section 2241 petition "as a motion to amend" the earlier Section 2255 motion).

The procedural circumstances in this case match the circumstances in which a second Section 2255 motion must be treated as a motion to amend an earlier Section 2255 motion.  Defendant filed his initial Section 2255 motion before Judge Johnson in June 2017.  *United States v. Mallay*, No. 02-cr-778 (E.D.N.Y. filed June 22, 2017) (ECF No. 725).  Defendant filed his purported Section 2241 petition in May 2021.  *Mallay v. Moser*, No. 21-cv-2659 (E.D.N.Y. May 11, 2021).  At that time, Defendant's Section 2255 motion was still pending because Judge Johnson did not deny the motion until December 2021.  *Mallay v. United States*, No. 02-cr-778, 2021 WL 5834387 (E.D.N.Y. Dec. 9, 2021).

### III. The Court Denies Defendant's Motion to Amend as Futile

"A motion to amend a prior petition for habeas corpus brought pursuant to 28 U.S.C. § 2255 is analyzed according to the requirements of Rule 15(a) of the Federal Rules of Civil Procedure."  *United States v. Ramirez*, No. 13-cr-135, 2022 WL 2703596, at *16 (S.D.N.Y. July

6

11, 2022). Motions to amend filed after the one-year statute of limitations established in Section 2255(f) must "ar[i]se out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Rodriguez v. United States*, No. 14-cv-6134, 2020 WL 7861383, at *7 (E.D.N.Y. Dec. 31, 2020). Even if a proposed amendment is timely, a court may still deny the amendment if it would be futile—meaning that it "could not withstand a motion to dismiss for failure to state a claim upon which relief may be granted." *Id.* at *8.

Defendant filed his initial Section 2255 motion more than three years after the U.S. Supreme Court denied *certiorari* of his appeal of his original conviction. *Mallay v. United States*, No. 02-cr-778, 2021 WL 5834387, at *3 (E.D.N.Y. Dec. 9, 2021). Defendant asserted that his initial motion was timely because he filed it within one year of the Supreme Court's decision in *RJR Nabisco*, which addressed the extraterritorial application of the RICO provision that authorizes civil claims by private litigants. *See Mallay*, 2021 WL 5834387, at *5; *see also* 28 U.S.C. § 2255(f) (allowing motions to vacate convictions filed within one year of a "right . . . newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). However, Defendant's Section 2241 petition filed in the Middle District of Pennsylvania was filed almost five years after the *RJR Nabisco* decision, so the new arguments in Defendant's petition were made after the applicable statute of limitations had expired, even if *RJR Nabisco* did, in fact, establish a new rule that rendered his Section 2255 motion timely. ECF No. 1.

The Court need not decide whether the venue challenges that Defendant raised for the first time in his Section 2241 petition arise out of the same conduct, transaction, or occurrence as the jurisdictional challenges raised in his Section 2255 motion because Defendant's venue challenges are procedurally barred. Amending Defendant's Section 2255 motion to add the

7

venue challenges would therefore be futile. "In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Peña*, No. 20-4192-cv, 2023 WL 1456387, at *5 (2d Cir. Jan. 27, 2023). A defendant may only "raise new arguments in a § 2255 motion if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Id.*

The Second Circuit did not address any venue challenges in Defendant's direct appeal. *James*, 712 F.3d 79. Although only a copy of the Government's appellate brief is available to the Court, it contains no discussion of venue, which further suggests that Defendant never raised the issue on appeal. *United States v. Mallay*, No. 02-cr-778 (E.D.N.Y. filed Oct. 26, 2018) (ECF No. 737-1). Similarly, a review of the Court's docket demonstrates that Defendant never moved to dismiss any charges for lack of venue, and Defendant's post-trial motion for a judgment of acquittal argued only that the evidence admitted at trial was insufficient to convict him. *United States v. Mallay*, No. 02-cr-778 (E.D.N.Y. filed Nov. 7, 2007) (ECF No. 569). Since Defendant's Section 2241 petition does not argue actual innocence or identify any reason why he was unable to assert his venue challenges on direct appeal, the venue arguments in Defendant's petition are procedurally defaulted. *Diaz v. United States*, No. 21-cv-2403, 2021 WL 5988254, at *6 (S.D.N.Y. Dec. 17, 2021) (denying Section 2255 motion based on venue challenge because defendant "fail[ed] to raise lack of venue in his opening brief on direct appeal").

Despite Defendant's *pro se* status, the Court will not devise excuses for his procedural default because none exist. Judge Johnson has already ruled that Defendant's trial and appellate counsel were not constitutionally ineffective. *Mallay*, 2021 WL 5834387, at *9. Defendant's venue challenges are based on a constitutional provision and venue statutes that significantly predate his conviction and were therefore available to Defendant and his counsel on direct

8

appeal.  *See* 18 U.S.C. §§ 3235 & 3236 (both enacted in 1948 and not amended since).  The Supreme Court's decision in *RJR Nabisco* did not change how these provisions were interpreted or even mention them.  *See* 579 U.S. 325.  Accordingly, Defendant cannot meet the cause and prejudice exception to the procedural default rule.  *See Peña*, 2023 WL 1456387, at *5.

## CONCLUSION

For the reasons set forth above, the Court construes Defendant's petition for habeas corpus, purportedly brought pursuant to 28 U.S.C. § 2241, *see* ECF No. 1, as a motion to amend his earlier-filed motion to vacate his conviction, brought pursuant to 28 U.S.C. § 2255, which Judge Johnson already denied while he presided over Defendant's case.  Since the Court finds that the new arguments raised in Defendant's Section 2241 petition would have been futile amendments to his Section 2255 motion, the Court denies leave to amend.  The Court therefore DENIES Defendant's petition.

Since Defendant's attempted amendments to his prior motion to vacate his sentence do not make a "substantial showing of the denial of a constitutional right," the Court will not issue a certificate of appealability.  28 U.S.C.§ 2253(c)(2).  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, to close this case, and to mail a copy of this order and the judgment to the *pro se* Defendant.

SO ORDERED.

                                          */s/ Hector Gonzalez*
                                          HECTOR GONZALEZ
                                          United States District Judge

Dated:  Brooklyn, New York
         February 10, 2023